(93 South. 273)

## HARPER v. STATE. (8 Div. 845.)

(Court of Appeals of Alabama. June 13, 1922.)

1. Criminal law ⟨⟩1186(5)—Court of Appeals will not reverse judgment on ground that defendant pleaded guilty by mistake thinking he was pleading to other indictment.

The Court of Appeals will not reverse judgment of conviction on the ground that defendant, unattended by counsel, pleaded guilty to the indictment under the impression that he was pleading to other indictment which had been returned against him; the defendant's remedy in such case being an appeal to the Governor of the State for a pardon.

2. Pardon ⟨⟩4—Appellate courts cannot exercise pardoning power.

Appellate courts cannot exercise a pardoning power.

3. Criminal law ⟨⟩1045—Jurisdiction of Court of Appeals limited to matters on which action or ruling at nisi prius was invoked and had.

The jurisdiction of the Court of Appeals is appellate only and is limited to those matters upon which action or ruling at nisi prius was invoked and had.

4. Criminal law ⟨⟩1129(1)—Assignment of error not necessary on appeal.

On appeal in criminal cases, assignment of error is not necessary, but the court is required to consider all questions apparent on the record or reserved by bill of exceptions, and to render such judgment as the law demands.

5. Criminal law ⟨⟩914 — Where defendant pleaded guilty to wrong indictment, his remedy was an appeal to the Governor for a pardon, instead of motion for new trial.

Where defendant, unattended by counsel, pleaded guilty to one indictment under the impression that he was pleading to other indictment which had been returned against him, his remedy was not a motion for a new trial, but was an appeal to the Governor for pardon.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Jack Harper was convicted of violating the prohibition law, and he appeals. Affirmed.

John B. Tally, of Scottsboro, for appellant.

Counsel discusses the case as made by the record, but he cites no authority, except the general principle that it is the duty of this court to correct mistakes.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is nothing presented for decision in this case, since the defendant entered a plea of guilty.

BRICKEN, P. J. It appears from the record before us that at former terms of the circuit court of Jackson county, this defendant was twice indicted for a violation of the prohibition law, and that by an agreement with the solicitor, which met the approval of the presiding judge, the defendant was permitted to enter a plea of guilty to one of these indictments and was to pay, and did pay, a fine of $100 and costs of the case. The other case was to be continued, and under certain conditions consented to by defendant, and which, if complied with by him, the remaining case was to be nol. prossed.

It appears that some misunderstanding arose as to the particular case in which the plea of guilty was entered, and it appearing to the trial judge that the defendant failed to keep faith and stand by the conditions which were a part of the agreement, he ordered that he be brought into court and tried upon the remaining indictment, which was case No. 1274, the plea of guilty having been entered in case No. 1273, which was designated as the Snodgrass case, and 1274 as the Wat Selby case; Snodgrass and Selby being the witnesses for the state in the respective cases and upon whose testimony in these cases the state relied for a conviction.

The defendant denied that he was guilty in the Snodgrass case (1273), but admitted that he was guilty in the Selby case (1274), and it appears that he was under the impression that his plea of guilty, and the payment of the fine and costs by him, was in the Selby case, and that the Snodgrass case was the one to be nol. prossed.

In these matters he was unattended by counsel, and it appears that the able counsel who represents him here on this appeal was brought into the case for the first time on the motion for a new trial which was denied by the court and this ruling is the only question presented upon this appeal.

[1] The facts attendant upon these proceedings and the earnest argument and appeal submitted to this court by defendant's counsel should properly be addressed to his excellency, the Governor of the state, who has the authority under the law to deal with matters of this character and, if the ends of justice require, can exercise executive clemency.

[2] Appellate courts do not, and cannot under the law, exercise a pardoning power.

[3, 4] The jurisdiction of this court is appellate only, and is limited to those matters upon which action or ruling at nisi prius was invoked and had. In appeals in criminal cases assignment of error is not necessary, but the duty devolves upon the appellate court to consider all questions apparent on the record, or reserved by bill of exceptions, and it must render such judgment as the law demands.

[5] In the instant case the defendant admitted in the lower court that he was guilty as charged. No exceptions were reserved to any ruling of the court during the original trial, and the grounds of the motion for new trial are based upon matters irrelevant and immaterial; matters which, as before stated, should be addressed to the pardoning power of the state, but not to the courts.

No error appearing, the judgment appealed from is affirmed.

Affirmed.